Davor Rukavina
State Bar No. 24030781
Thomas D. Berghman
State Bar No. 24082683
Julian Vasek
State Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Suite 4000
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile: 214.855.7584

**PROPOSED ATTORNEYS FOR THE DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **PEGASO ENERGY SERVICES, LLC** | § | **Case No. 24-42429-mxm11** |
| | § | |
| Debtor. | § | |

## DEBTOR'S EMERGENCY MOTION TO ESTABLISH COMPLEX
## CASE SERVICE LIST AND NOTICE PROCEDURES

**Emergency relief has been requested. Relief is requested not later than July 22, 2024.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A virtual hearing will be conducted on this matter on July 22, 2024 at 9:30 a.m. (CT) in Room 128, U.S. Courthouse, 501 W. Tenth Street, Fort Worth, Texas 76102. You may participate in the hearing by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 1.650.479.3207. Video communication will be by the use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Mullin's home page. The meeting code is 2310-650-8783. Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Mullin's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Pegaso Energy Services, LLC, as debtor-in-possession in the above-referenced chapter 11 cases (the "Debtor") hereby files this *Debtor' Emergency Motion to Establish Complex Case Service List and Notice Procedures* (the "Motion"). In support of the Motion, the Debtor respectfully states as follows:

## Jurisdiction and Venue

1.      The United States District Court for the Northern District of Texas (the "District Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to this Court pursuant to 28 U.S.C. § 157 and the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On July 15, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above captioned case (the "Chapter 11 Case"). The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3.      An official committee of unsecured creditors has yet to be appointed in this Chapter 11 Case. Further, no trustee or examiner has been requested or appointed in this Chapter 11 Case.

4.      A detailed description of the Debtor and its business, and the facts and circumstances supporting the Motion and the Debtor's Chapter 11 Case, are set forth in greater

detail in the *Declaration of Cole Stout in Support of the Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration"), which is incorporated by reference in this Motion.

### Relief Requested

5.      The Debtor requests the entry of an order, substantially in the form attached as **Exhibit A**, (the "Proposed Order") (a) establishing a complex case service list, and (b) setting notice procedures with respect thereto.

6.      The Debtor anticipates there will be more than 200 notice parties in this Chapter 11 Case.  The costs associated with photocopying and mailing routine pleadings to all potential creditors going forward would be substantial and exceedingly burdensome, especially because it is not necessary to apprise all creditors and parties-in-interest of routine matters that do not affect their rights.  Accordingly, the Debtor believes it is appropriate for the Court to limit notice in this Chapter 11 Case such that the Debtor and all other parties-in-interest do not incur needlessly large, recurring expenses in serving routine pleadings.

7.      By and through this Motion, the Debtor requests the entry of an order limiting notice and establishing certain notice procedures described herein (the "Procedures").  Given the large number of parties-in-interest in this Chapter 11 Case, the Debtor (and other parties) are currently required to expend a substantial amount of resources in copying costs, postage charges, and other handling expenses.  Continuing to provide notice of all pleadings, motions, applications, notices, briefs, objections, responses, affidavits, declarations, or other writings filed in this Chapter 11 Case (each a "Filing", collectively, the "Filings") to each creditor and party-in-interest will be unnecessarily burdensome and costly to the estates.

8.      The Debtor therefore proposes to establish an official Complex Service List (the "Complex Service List") that would include the following parties:  the Debtor, the Debtor' counsel,

counsel for the proposed DIP lender, members of any unsecured creditors' committee and counsel

for the unsecured creditors' committee, the 20 largest unsecured creditors, the U.S. Trustee, the

United States Attorney, the Internal Revenue Service, all secured creditors, and any party that

requests notice pursuant to Bankruptcy Rule 2002.

9.    The Debtor further proposes that notice of any Filing, other than an event or

deadline that must be served on all creditors pursuant to Bankruptcy Rule 2002, be served only on

(a) the parties on the Complex Service List, (b) any party who has filed a notice of appearance and

request for service of pleadings but has not yet been added to the Complex Service List, and (c)

any party whose interests the specific Filing affects.

10.    The Debtor further proposes to file the initial Complex Service List within seven

(7) days after entry of an order by the Court granting this Motion, and the Debtor will update the

Complex Service List and file a copy thereof every fourteen (14) days for the two months and

every thirty (30) days thereafter during the pendency of this Chapter 11 Case.  In the event there

are no changes to the Complex Service List within a thirty (30) day period, no update will be

required.

11.    As required by the Bankruptcy Rules, the matters for which notice would not be

limited include the following: (a) notice of the meeting of creditors pursuant to section 341 of the

Bankruptcy Code; (b) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy

Rule 3003(c); (c) notice of the time fixed for filing objections to and the hearing on approval of a

disclosure statement; (d) notice of the time fixed for accepting or rejecting or filing objections to

and the hearing on the confirmation of a plan of reorganization; (e) notice of any hearing on

dismissal or conversion of the Chapter 11 Case; (f) notice of a hearing on any entity's request for

compensation or reimbursement of expenses exceeding $1,000; (g) a proposed use, sale, or lease

4

of property of the estate other than in the ordinary course of business; (h) the hearing on approval

of a compromise or settlement of a controversy other than approval of an agreement pursuant to

Rule 4001(d), unless the court for cause shown directs that notice not be sent; and (i) notice of any

matter with respect to which a different form of notice is ordered to be given by this Court.

12.     Furthermore, to the extent that any Filing particularly or discretely affects any

party's rights, the Debtor would be required to provide proper notice as otherwise required by due

process and all applicable rules and procedures.

### Basis for Relief Requested

13.     Section 105(a) of the Bankruptcy Code, in conjunction with Bankruptcy Rule 9007

and certain subsections of Bankruptcy Rule 2002, permit the Court to establish notice standards as

to most pleadings which are likely to be filed in a bankruptcy case.  See FED. R. BANKR. P.

2002(a)(2) and (a)(3) (recognizing court's ability to modify notice requirements); FED. R. BANKR.

P. 2002(m) (providing authority to determine notice requirements as to Bankruptcy Rule 2002

matters); FED. R. BANKR. P. 9007 (providing overall authority to regulate notices).

14.     The establishment of the requested procedures, including limiting notice of certain

matters to those parties included on the Complex Service List, will not alter or modify in any way

the right of a party whose interests are directly affected by a particular matter to receive all

pleadings and other court documents filed in connection with that matter.  However, limiting the

service of Filings as proposed herein will avoid unnecessary expense to the Debtor and other

parties-in-interest by ensuring that only those parties with a direct interest in a particular matter

will be served.  Approval of this Motion and the proposed Complex Service List will therefore

reduce administrative costs, allow for the conservation of resources, and preserve the Debtor's

assets for the benefit of the estates and creditors thereof.

4865-2381-1794v.1 023074.00001

15. Based on the foregoing, the Debtor submits that the requested procedures are both reasonable and appropriate. Moreover, to the extent that any party wishes to be included on the Complex Service List and obtain notice of each Filing, that party need only file a notice of appearance with the Court, the burden for which is minimal.

## Notice

16. Notice of this Motion will be provided to the proposed Complex Service List. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtor respectfully submits that no further notice is required.

## Conclusion

**WHEREFORE**, based on the foregoing, the Debtor respectfully request that the Court (i) grant the Motion, and (ii) grant such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 18th day of July, 2024.

/s/ *Julian P. Vasek*

Davor Rukavina
State Bar No. 24030781
Thomas D. Berghman
State Bar No. 24082683
Julian Vasek
State Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Suite 4000
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile: 214.855.7584

**PROPOSED ATTORNEYS FOR THE
DEBTOR**

4865-2381-1794v.1 023074.00001

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that separate certificate of service will be filed with respect to all first-day motions.

/s/  *Julian P. Vasek*
Julian P. Vasek

4865-2381-1794v.1 023074.00001

# EXHIBIT A

## PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **PEGASO ENERGY SERVICES, LLC** | § | **Case No. 24-42429-mxm11** |
| | § | |
| **Debtor.** | § | |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION TO ESTABLISH**
**COMPLEX CASE SERVICE LIST AND NOTICE PROCEDURES**

Upon the *Debtor' Emergency Motion to Establish Complex Case Service List and Notice Procedures* (the "Motion")[1] of Pegaso Energy Services, LLC (the "Debtor"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* (N.D. Tex. Aug. 3, 1984); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

reviewed the Motion; and the Court having held a hearing on the Motion (the "Hearing"); and all

objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and upon all of the proceedings had before the Court, the record at the Hearing,

and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtor shall establish an official Complex Service List (the "Complex Service
List") for this Chapter 11 Case that will include only the following parties:  the Debtor, the Debtor'
counsel, counsel for the proposed DIP lender, members of any unsecured creditors' committee and
counsel for the unsecured creditors' committee, the 20 largest unsecured creditors, the U.S.
Trustee, the United States Attorney, the Internal Revenue Service, all secured creditors, and any
party that requests notice pursuant to Bankruptcy Rule 2002.

3.      Notice of any Filing in the Bankruptcy Case, other than those events or deadlines
listed below that must be served on all creditors pursuant to Bankruptcy Rule 2002, be served only
on (a) the parties on the Complex Service List, (b) any party who has filed a notice of appearance
and request for service of pleadings in the Chapter 11 Case but has not yet been added to the
Complex Service List, and (c) any party whose interests the specific Filing affects.

4.      The Debtor must file the initial Complex Service List within seven (7) days after
entry of this Order, and the Debtor must update the Complex Service List and file a copy of the
updated Complex Service List every fourteen (14) days for the first two months and every thirty
(30) days thereafter during the pendency of the Bankruptcy Case.  In the event there are no changes
to the Complex Service List within a thirty (30) day period, no update will be required.

5.      The matters for which notice would not be limited include the following: (a) notice of the meeting of creditors pursuant to section 341 of the Bankruptcy Code; (b) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (c) notice of the time fixed for filing objections to and the hearing on approval of a disclosure statement; (d) notice of the time fixed for accepting or rejecting or filing objections to and the hearing on the confirmation of a plan of reorganization; (e) notice of any hearing on dismissal or conversion of the Chapter 11 Case; (f) notice of a hearing on any entity's request for compensation or reimbursement of expenses exceeding $1,000; (g) a proposed use, sale, or lease of property of the estate other than in the ordinary course of business; (h) the hearing on approval of a compromise or settlement of a controversy other than approval of an agreement pursuant to Rule 4001(d), unless the court for cause shown directs that notice not be sent; and (i) notice of any matter with respect to which a different form of notice is ordered to be given by this Court.

# # # END OF ORDER # # #

**Submitted by:**

Julian P. Vasek
State Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile:  214.855.7584
Email: jvasek@munsch.com

**PROPOSED ATTORNEYS FOR DEBTORS**

3