Davor Rukavina
State Bar No. 24030781
Thomas D. Berghman
State Bar No. 24082683
Julian Vasek
State Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Suite 4000
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile:  214.855.7584

**PROPOSED ATTORNEYS FOR DEBTOR**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Pegaso Energy Services, LLC, | § | Case No. 24-42429 |
| | § | |
| Debtor. | § | |

**DEBTOR'S EMERGENCY MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION EMPLOYEE <u>WAGES AND OTHER COMPENSATION</u>**

**Emergency relief has been requested. Relief is requested not later than July 22, 2024.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A virtual hearing will be conducted on this matter on July 22, 2024 at 9:30 a.m. (CT) in Room 128, U.S. Courthouse, 501 W. Tenth Street, Fort Worth, Texas 76102. You may participate in the hearing by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 1.650.479.3207. Video communication will be by the use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Mullin's home page. The meeting code is 2310-650-8783.**

4881-3035-8480v.1

**Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Mullin's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Pegaso Energy Services, LLC, as debtor and debtor-in-possession in the above-referenced chapter 11 case (the "Debtor") hereby files this *Debtor's Emergency Motion for an Order Authorizing the Debtor to Pay Certain Prepetition employee Wages and Other* (the "Motion"). In support of the Motion, the Debtor respectfully states as follows:

### Jurisdiction and Venue

1. The United States District Court for the Northern District of Texas (the "District Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to this Court pursuant to 28 U.S.C. § 157 and the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On July 15, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above captioned case (the "Chapter 11 Case"). The Debtor continues to manage and operate its businesses as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3. An official committee of unsecured creditors has yet to be appointed in the Chapter 11 Case. Further, no trustee or examiner has been requested or appointed in the Chapter 11 Case.

4. A detailed description of the Debtor and its business, and the facts and circumstances supporting the Motion and the Debtor's Chapter 11 Case, are set forth in greater detail in the *Declaration of Cole Stout in Support of the Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration"), which is incorporated by reference in this Motion.

## Relief Requested

5. In the ordinary course of business, the Debtor incurs payroll obligations for wages owed to its employees, including all required withholdings related to social security, income taxes, etc. (collectively, the "Wage Obligations"). The employees are generally paid weekly, in arrears by one payroll cycle. Accordingly, the Debtor made its most recent prepetition payroll on July 15, 2024 (before filing the petition) for the week ending on July 6, 2024. As of the Petition Date, then, the Debtor owes wages for the period from July 7 – 13, 2024.

6. By this Motion, the Debtor seeks authority to make payments totaling $13,787.53 to five employees related to pre-petition amounts owed on account of the Wage Obligations and to continue to honor the Wage Obligations in the ordinary course of business on a post-petition basis and in a manner consistent with the Debtor's pre-petition policies and procedures; *provided* that no individual holder of a priority claim under sections 507(a)(4) and (5) of the Bankruptcy Code will receive in the aggregate a payment in excess of $15,150.

## Basis for Relief Requested

**A.   Certain of the employee Obligations are Entitled to Priority Treatment**

7. Pursuant to Bankruptcy Code §§ 507(a)(4) and (5), certain Wage Obligations are entitled to priority treatment in an amount up to $15,150 for each individual employee. To the extent such claims are afforded priority status, the Debtors will be required to pay these claims in full to confirm a chapter 11 plan. *See* 11 U.S.C. § 1129(a)(9)(b) (requiring payment of certain

3

allowed unsecured claims for (a) wages, salaries or commissions, including vacation, and sick leave pay earned by an individual, and (b) contributions to an employee benefit plan). As such, these claims would be entitled to payment in full under any plan. Therefore, authorizing the Debtors to make these payments at this time will affect only the timing of such payments.

**B.     Payment of Certain of the employee Obligations and Benefits Is Required by Law**

8.      The Debtors also seek authority to pay amounts for deductions and payroll taxes to be provided to the appropriate entities. These amounts principally represent employee earnings that governments, employees, and judicial authorities have designated for deduction from employees' paychecks. Indeed, certain deductions are not property of the Debtors' estates because they will be withheld from employees' paychecks on another party's behalf. *See* 11 U.S.C. § 541(b). Further, federal and state laws require the Debtors and their officers to remit certain tax payments that have been withheld from employees' paychecks. *See* 26 U.S.C. § 6672 and 7501(a); *see also City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95-97 (3d Cir. 1994) (finding that state law requiring a corporate debtor to withhold city income tax from its employees' wages created a trust relationship between debtor and the city for payment of withheld income taxes); *DuCharmes & Co., Inc. v. State of Mich.* (*In re DuCharmes & Co.*), 852 F.2d 194, 196 (6th Cir. 1988) (noting that individual officers of a company may be held personally liable for failure to pay trust fund taxes). Because the deductions and payroll taxes are not property of the Debtors' estates, the Debtors request that this Court authorize them to remit all amounts relating to deductions and payroll taxes.

**C.     Ample Authority Exists to Authorize the Debtors to Honor employee Obligations**

9.      Courts generally acknowledge that it is appropriate to authorize the payment (or other special treatment) of prepetition obligations in appropriate circumstances. *See, e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 179 (Bankr. S.D.N.Y. 1989) (granting authority to pay

prepetition wages); *see also Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 398 (S.D.N.Y. 1983) (granting authority to pay prepetition claims of suppliers who were potential lien claimants). Courts have relied on several legal theories, including legal theories based on Bankruptcy Code §§ 1107(a), 1108, 363(b), and 105(a), to authorize payments of certain prepetition obligations.

10. Pursuant to Bankruptcy Code §§ 1107(a) and 1108, debtors in possession are fiduciaries "holding the bankruptcy estate[s] and operating the business[es] for the benefit of [their] creditors and (if the value justifies) equity owners." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the fiduciary duties of any debtor in possession is the obligation to "protect and preserve the estate, including an operating business's going-concern value." *Id.* Some courts have noted that there are instances in which a debtor can fulfill this fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id.* The *CoServ* court specifically noted that the preplan satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate . . . ." *Id.*

11. Consistent with a debtor's fiduciary duties, courts have also authorized payment of prepetition obligations under Bankruptcy Code § 363(b) where a sound business purpose exists for doing so. *See e.g.*, *In re Ionosphere Clubs*, 98 B.R. at 175 (discussing prior order authorizing payment of prepetition wage claims pursuant to Bankruptcy Code § 363(b); relief appropriate where payment was needed to "preserve and protect its business and ultimately reorganize, retain its currently working employees and maintain positive employee morale."); *see also Armstrong*, 29 B.R. at 397 (relying on Bankruptcy Code § 363 to allow contractor to pay prepetition claims of

5

4881-3035-8480v.1

suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors).

12. Courts have also authorized payment of prepetition claims in appropriate circumstances pursuant to Bankruptcy Code § 105(a). Bankruptcy Code § 105(a), which codifies the inherent equitable powers of the bankruptcy court, empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under Bankruptcy Code § 105(a), courts may permit preplan payments of prepetition obligations when such payments are essential to the continued operation of the debtor's business and where nonpayment of a prepetition obligation would trigger a withholding of goods or services essential to the debtor's business reorganization plan. *See In re UNR Indus., Inc.*, 143 B.R. 506, 520 (Bankr. N.D. Ill. 1992) (permitting the debtor to pay prepetition claims of suppliers or employees whose continued cooperation is essential to the debtors' successful reorganization); *In re Ionosphere Clubs*, 98 B.R. at 177 (finding that Bankruptcy Code § 105 empowers bankruptcy courts to authorize payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor); *In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D. La. 1989) (authorizing payment of pre-petition amounts due, inter alia, for wages, benefits, health insurance premiums and per diem expenses under the "necessity of payment doctrine," without regard to statutory priorities of Bankruptcy Code § 507).

13. Many bankruptcy courts have recognized the importance of employees to a debtor's reorganization and the severe harm to employees that can arise if courts do not grant motions such as this one. *In re Braniff, Inc.*, 218 B.R. 628, 633 (Bankr. M.D. Fla. 1998) (approving payment of prepetition employee wage claims due to the vital role the employees play to the debtor's reorganization). Similar relief to that requested herein has been granted by bankruptcy courts in

4881-3035-8480v.1

the Northern District of Texas. *See, e.g.*, *In re Northwest Senior Housing Corp.*, Case No. 22-30659 (MVL) (Bankr. N.D. Tex. 2022) [Docket No. 94]; *In re Tuesday Morning Corp.*, Case No. 20-31476 (Bankr. N.D. Tex. May 28, 2020) [Docket No. 69] *In re Erickson Inc.*, Case No. 16-34393 (Bankr. N.D. Tex. Nov. 10, 2016) [Docket No. 47]; *In re Forest Park Med. Ctr. at Southlake, LLC*, Case No. 16-40273 (Bankr. N.D. Tex. Jan. 25, 2016) [Docket No. 38]; *In re CHC Group Ltd.*, Case No. 16-31854 (Bankr. N.D. Tex. June 8, 2016) [Docket No. 289]; *In re ALCO Stores*, Case No. 14-34941 (Bankr. N.D. Tex. Oct. 16, 2014) [Docket No. 68].

14. In order to maintain the continuity of their business and to preserve the morale of its vital labor force, it is essential that the Debtor be permitted to pay the funds requested through this Motion. The Debtor seeks the relief requested in this Motion on an emergency basis because any delay or disruption in providing employee compensation will destroy the Debtor's relationship with the employees and irreparably impair workforce morale at the very time when the dedication, confidence, and cooperation of these individuals is most critical. The Debtor faces the risk that its operations may be severely impaired if authority is not granted for the Debtor to make the payments described above.

15. Because the amounts represented by Wage Obligations are needed to enable the employees to meet their own personal obligations, absent the relief requested herein, they will suffer undue hardship and, in many instances, serious financial difficulties. Moreover, without the requested relief, the stability of the Debtor would be undermined by the potential threat that otherwise loyal employees would seek other employment.

## Request for Waiver of Stay

16. To the extent that the relief sought in the Motion constitutes a use of property under Bankruptcy Code § 363(b), the Debtor seeks a waiver of the fourteen-day stay under Bankruptcy

4881-3035-8480v.1

Rule 6004(h). Further, to the extent applicable, the Debtor requests that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for the Debtor to be able to continue to operate its business and preserve the value of the estate.

## Notice

17. Notice of this Motion will be provided to: (i) the Debtor, (ii) the Debtor' counsel, (iii) counsel for the proposed DIP lender, (iv) members of any unsecured creditors' committee and counsel for the unsecured creditors' committee, if any, (v) the 20 largest unsecured creditors, (vi) the U.S. Trustee, (vii) the United States Attorney, the (viii) Internal Revenue Service, (ix) all secured creditors, and (x) any party that requests notice pursuant to Bankruptcy Rule 2002. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtor respectfully submits that no further notice is required.

## Conclusion

**WHEREFORE**, based on the foregoing, the Debtor respectfully requests that the Court (i) grant the Motion, and (ii) grant such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 18th day of July, 2024.

4881-3035-8480v.1

Respectfully Submitted,

/s/ *Julian P. Vasek*
Davor Rukavina
State Bar No. 24030781
Thomas D. Berghman
State Bar No. 24082683
Julian Vasek
State Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Suite 4000
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile:  214.855.7584

**PROPOSED ATTORNEYS FOR THE DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that separate certificate of service will be filed with respect to all first-day motions.

/s/ *Julian P. Vasek*
Julian P. Vasek

4881-3035-8480v.1

## EXHIBIT A

## PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **Pegaso Energy Services, LLC,** | § | **Case No. 24-42429** |
| | § | |
| Debtor. | § | |

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR AN ORDER
AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION EMPLOYEE
WAGES AND OTHER COMPENSATION**

Upon the *Debtor's Emergency Motion for an Order Authorizing the Debtor to Pay Certain Prepetition employee Wages and Other Compensation* (the "Motion")[1] of Pegaso Energy Services, LLC (the "Debtor"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* (N.D. Tex. Aug. 3, 1984); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Subject to the requirements of Bankruptcy Code §§ 507(a)(4) and (a)(5), the Debtor is authorized, but not directed, to pay and remit in accordance with the Debtor's prepetition policies and programs, the Prepetition Wage Obligations and all costs incident to the foregoing in accordance with the Debtor's customary policies and in the ordinary course of business.

3. The banks and financial institutions on which checks are drawn or electronic payment requests are made in payment of such obligations approved herein are authorized to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as being approved by this Order.

4. Notwithstanding anything to the contrary herein, nothing in this Order authorizes the use of cash collateral or debtor-in-possession financing. Any payments authorized to be made pursuant to this Order shall be made only to the extent authorized under any cash collateral and/or debtor-in-possession financing order approved by the Court in effect as of the time such payment

2

is to be made (together with any approved budgets in connection therewith, the "DIP Order"), and such payments shall be subject to the terms, conditions, limitations, and requirements of the DIP Order in all respects.

5. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

6. The Debtor is authorized to take all actions necessary to effect the relief granted pursuant to this Order in accordance with the Motion.

7. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

8. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

### END OF ORDER ###

**Submitted by:**

**MUNSCH HARDT KOPF & HARR, P.C.**

Julian Vasek
State Bar No. 24070790
500 N. Akard St., Suite 4000
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile: 214.855.7584
Email: jvasek@munsch.com

**PROPOSED ATTORNEYS FOR DEBTOR**

4881-3035-8480v.1