Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White, Esq.
Texas Bar No. 24125722
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
Telephone: (214) 855-7500

PROPOSED COUNSEL FOR THE DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: § § § § § § | Case No. 24-42429 (Chapter 11) | |
| PEGASO ENERGY SERVICES, LLC, Debtor. | | |
| PEGASO ENERGY SERVICES, LLC, Plaintiff, v. LEA COUNTY STATE BANK, Defendant. § § § § § § § § § § § § § § | ADVERSARY PROCEEDING NO: | |

## ORIGINAL COMPLAINT

TO THE HONORABLE MARK X. MULLIN, U.S. BANKRUPTCY JUDGE:

COMES NOW Pegaso Energy Services, LLC (the "Debtor"), the debtor-in-possession in the above styled and numbered bankruptcy case (the "Bankruptcy Case") and the plaintiff in this Adversary Proceeding, and files this its *Original Complaint* (the "Complaint"), complaining of Lea County State Bank (the "Bank"), and for cause and action would respectfully show as follows:

ORIGINAL COMPLAINT—Page 1

## I. PROCEDURAL BACKGROUND

1. On July 15, 2024 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby initiating the Bankruptcy Case and creating its bankruptcy estate (the "Estate").

2. The Debtor remains in possession of the Estate. No trustee or examiner has been appointed.

3. The Court has jurisdiction over this Complaint under 28 U.S.C. § 1334. Such jurisdiction is core under 28 U.S.C. § 157(b)(2). To the extent that any matter in this Adversary Proceeding is not core, the Debtor consents to this Court's entry of a final judgment over any and all such matters.

4. Venue of this Adversary Proceeding before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

## II. PARTIES

5. The Debtor is the debtor-in-possession in the Bankruptcy Case.

6. Lea County State Bank is a state bank organized and existing under the laws of the State of New Mexico. Pursuant to Federal Rule of Bankruptcy Procedure 7004(b), the Bank may be served with process in this Adversary Proceeding by and through its registered agent, Samuel S. Spencer, Jr., as follows: Lea County State Bank, c/o Samuel S. Spencer, Jr, General Delivery, Hobbs, NM 88240.

## III. FACTS

7. The Debtor provides oilfield services, including well completions and workovers.

8. In order to engage in its business, the Debtor requires the use of various rigs, which are large non-titled machines used to complete oil wells. The Debtor does not drill the well originally, but completes the job using the rigs.

9. The Debtor purchased various such rigs, including the Subject Rigs (defined below), pursuant to several *Irrevocable Equipment Lease Agreements* (the "Leases") with Capital Asset Resources ("Capital") as lessor.

10. Capital subsequently assigned the Leases to the Bank.

11. None of the Leases may be terminated by the Debtor. Each of the Leases contains a provision requiring the Debtor to purchase the goods the subject of the Lease at the conclusion of the Lease term. This is not an option but is a requirement. Furthermore, the assignment of the Leases to the Bank evidences the intent of all parties that the Leases are financing agreements.

12. Accordingly, under the Uniform Commercial Code (the "UCC"), the Leases are not true leases but are instead financing agreement.

13. Furthermore, it appears that the Bank is not permitted to lease personal property under the laws of the State of New Mexico, thus further indicating that the intent of the Leases was that they be financing agreements.

14. The Bank purported to perfect its security interests by filing one or more UCC financing statements against the Debtor. The Debtor reserves all rights with respect to the validity, perfection, extent, and avoid ability of the same.

15. Prior to the Petition Date, the Bank repossessed the following rigs and related equipment (collectively, the "Subject Rigs"): (i) ER163ED191; (ii) ER164ED192; (iii) ER165ED193; (iv) ER196ED199; (v) ER2242014; (vi) ER2102013; and (vii) ER11208.

16. There is an eight rig subject to the Leases that remains in the Debtor's possession.

17. Notwithstanding the repossession, the Bank has not foreclosed on the Subject Rigs. Thus, title to the Subject Rigs continues to reside with the Debtor and the Estate.

18. The Bank asserts that approximately $2.1 million is owing on all of its collateral, which includes not only the Subject Rigs and the rig remaining in the Debtor's possession, but also

additional equipment subject to the Leases (all such rigs and equipment, the "Subject Goods"). The fair market value of the Leased Goods is between $4.5 million and $5.5 million.

19. The Debtor and the Estate have a need for the Subject Rigs and have a use for them, including to work jobs in process and jobs that have been secured, and including to monetize the Estate's equity in the Subject Rigs.

20. The Subject Rigs are not of inconsequential value to the Estate.

21. The Bank has knowledge of the Bankruptcy Case.

22. The Debtor demanded return of the Subject Rigs on July 17, 2024, and again on July 18, 2024.

23. To-date, the Bank has refused to return or turn over the Subject Rigs. The Bank has not responded to the Debtor's turnover demands. Hence the filing of this Complaint.

### IV.     CAUSES OF ACTION

**COUNT 1:**     **DECLARATORY JUDGMENT**

24. The Debtor incorporates its allegations above.

25. An actual and present controversy exists regarding whether the Leases are true leases or financing agreements.

26. The Leases are governed by Texas law.

27. The Subject Rigs are "goods" under the UCC.

28. The Leases are not subject to early termination by the Debtor.

29. Because the Leases obligate the Debtor to purchase the Subject Goods at the conclusion of the lease term, the Leases are not true leases and are instead financing agreements under the UCC. *See* Texas Business and Commerce Code § 1.203(b)(2).

30. Accordingly, the Debtor requests declaratory judgment that the Leases are not true leases but are instead financing agreements creating security interests, and that the Debtor owns

the Subject Goods, subject to the Bank's security interests (and with all rights regarding the same preserved).

**COUNT 2:    TURNOVER**

31. The Debtor incorporates its allegations above.

32. Section 542(a) of the Bankruptcy Code provides that:

Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

33. The Debtor may use the Subject Rigs under section 363 of the Bankruptcy Code. Among other things, the Debtor may use the Subject Rigs in its business, and has a need for the same, and the Debtor may sell the Subject Rigs and obtain the equity therein.

34. The Subject Rigs are not of inconsequential value to the Estate.

35. The turnover statute is self-effectuating.

36. The Debtor has made demand on the Bank to turn over the Subject Rigs. The Bank has refused.

37. The Bank has violated and continues to violate section 542(a) of the Bankruptcy Code.

38. Accordingly, the Debtor requests judgment commanding the Bank to immediately turn over the Subject Rigs to the Debtor at the Bank's burden and expense.

**V.    PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Debtor requests that the Bank be cited to appear and to answer this Complaint, and that it has judgment as follows:

(i)     declaratory relief that the Leases are not true leases;

(ii)     immediate turnover of the Subject Rigs;

(iii)     reasonable attorneys' fees to the extent provided by applicable law; and

(iv)     such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 21st day of July, 2024.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White, Esq.
Texas Bar No. 24125722
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: drukavina@munsch.com
tberghman@munsch.com
cwhite@munsch.com

**PROPOSED COUNSEL FOR THE DEBTOR**